```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
```

Robert Denoncour,              :
       Plaintiff,               :
                                :
   v.                           :      File No. 2:06-CV-126
                                :
127 Round House Rd., LLC,       :
       Defendant.               :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 12)

Plaintiff Robert Denoncour, proceeding *pro se*, claims that he was injured on June 23, 2003, when he slipped and fell on the defendant's property.  Denoncour filed his complaint on June 23, 2006.  The defendant has filed a motion to dismiss (Paper 12), claiming that because 2004 was a leap year, Denoncour's complaint was filed one day after Vermont's three-year statute of limitations expired.

Vermont law defines a year as a "a calendar year" rather than as a fixed number of days.  1 V.S.A. § 124.  When a year is so defined, it has been held that a one year period is comprised of 365 days in the usual year, and 366 days in a leap year.  <u>See</u> <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 399 (6th Cir. 1997) (when a statute defines a year as a calendar year, all years should be treated the same, regardless of whether they

have 365 or 366 days); cf. <u>Carreras-Rosa v. Alves-Cruz</u>, 127 F.3d 172, 174 (1st Cir. 1997) ("One year means 365 days, or 366 days in a leap year."); <u>LaRosa v. Cove Haven, Inc.</u>, 840 F. Supp. 319, 321 (M.D. Pa. 1993) ("a year is a period consisting of either three hundred sixty-five (365) days, in the common sense, but also three hundred sixty-six (366) days, when that same statutory period includes a leap year"); <u>Ward v. Insurance Co. of North American</u>, 482 S.E.2d 795, 797 (Va. 1997) ("courts in this Commonwealth must utilize calendar years and not '365-day periods' when computing whether a statute of limitations has expired").

Indeed, when calculating a statute of limitations, courts commonly employ the "anniversary date rule." "Under this rule, when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.  The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day.'" <u>United States v. Hurst</u>, 322 F.3d 1256, 1260 (10th Cir. 2003) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000)).  "The anniversary date [rule] is

2

clear and predictable, so that it is easy for litigants and attorneys to remember and for courts to administer." Id.. Computing a time period according to the calendar year, rather than the number of days, has also been endorsed by a leading treatise.

> Thus, in computing by the calendar year, days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained and the calendar expires on that day, less one, and, accordingly, in computing the period of one year from March 1, where the following year is a leap year, the year will end on February 29, even though that is the 366th day.

86 C.J.S. Time § 9 (1992).[1]

There is no dispute that Vermont has a three-year statute of limitations for personal injuries. Denoncour alleges that he was injured on June 23, 2003. Applying Vermont's statutory definition of a year, the limitations period consisted of three calendar years rather than a fixed number of days. Consequently, and consistent with the authorities cited above, this Court should find that Denoncour's filing on the third anniversary of his alleged fall was timely. In accord with this recommendation, the defendants' motion to dismiss (Paper

---

[1] Under Vermont law, the day of the incident is not counted in the calculation of the applicable time period. Vt. R. Civ. P. 6(a).

12) should be DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of November, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).